IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DANIEL CORBY; and
CHERYL CORBY                                                                PLAINTIFFS

v.                          No. 3:17-cv-239-DPM

JASON BOLING,* Individually and
in his Official Capacity as a Police
Officer for the City of Paragould,
Arkansas; AARON GAMBER,
Individually and in his Official
Capacity as a Police Officer for
the City of Paragould, Arkansas;
and TONY HILL, Individually                                                 DEFENDANTS

ORDER

1. Daniel Corby and his wife Cheryl bring several claims against three defendants. Daniel says Arkansas State Trooper Tony Hill and Paragould Officers Jason Boling and Aaron Gamber violated his federal and state rights while searching his jeep, and his person, and during his arrest. Cheryl says Trooper Hill also converted her purse without due process. The Corbys concede their official capacity claims. № 54 at 1 n.1. Daniel also abandons his claims about another encounter with Officer Boling two years later. All the defendants seek summary

---

* The Court directs the Clerk to correct Jason Boling's name on the docket.

judgment. The Court takes the material facts, where genuinely disputed, in the light most favorable to the Corbys. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).

**2.** In September 2014, Trooper Hill pulled over a jeep because it didn't have headlights. Daniel was driving the jeep. Cheryl was the passenger. She had an outstanding warrant for failing to appear. Trooper Hill arrested her. Over Daniel's objection, she let the Trooper search her purse. Trooper Hill thought Daniel seemed nervous and suspected that drugs were in the jeep. So he called Officers Boling and Gamber to conduct a K9 search. They eventually arrived with Dux, a police dog. Dux circled the jeep twice. On his second lap he alerted that he smelled narcotics, changing his body and sitting near the passenger side of the jeep. *№ 53 at 4*. Daniel says he heard Officer Boling tell Dux to sit. Over Daniel's objections, Officers Boling and Gamber searched the jeep. They didn't find anything. Trooper Hill then had Daniel lean over the hood of Hill's cruiser and patted him down. During the search he felt a container, which he thought held drugs. It was potpourri, which can be type of synthetic marijuana. *№ 40 at 17–18; № 53 at 5*. Trooper Hill arrested Daniel for possession of a controlled substance. Another officer arrived to take Daniel to the Greene County Detention Center; Trooper Hill took Cheryl. He helped

book her and left her purse on the booking desk. № 53 at 7. At the jail, Daniel ended up in solitary confinement because he wouldn't stop cussing other inmates. He was released six days later. Daniel was found guilty in District Court, appealed, and the Circuit Court dismissed the charge.

**3.** Cheryl's constitutional claim against Trooper Hill about her purse fails. Even if her claim isn't barred under *Hudson v. Palmer*, 468 U.S. 517, 539 (1984), Trooper Hill didn't deprive Cheryl of her purse within the meaning of the Due Process Clause. *Soldal v. Cook County, Illinois*, 506 U.S. 56, 61 (1992). He searched it, left it for her at the police station, and never damaged it. № 36-5 at 19–20. Similarly, any state-law conversion claim fails because Trooper Hill's actions weren't inconsistent with Cheryl's property rights. *Schmidt v. Stearman*, 98 Ark. App. 167, 173–74, 253 S.W.3d 35, 41–42 (2007).

**4.** Daniel claims the officers unlawfully extended the traffic stop, didn't have probable cause to search his jeep, didn't have probable cause to search his person, and didn't have probable cause to arrest him. Daniel challenges, in particular, Officer Boling's probable cause determination that led to the search of his jeep. Three of Daniel's arrest-related claims fail; his jeep-related search claim against Officer Boling survives.

First, the length of the stop was reasonable. *United States v. Anguiano*, 795 F.3d 873, 876–77 (8th Cir. 2015). Trooper Hill obtained information about Cheryl and Daniel. Then he arrested Cheryl. Daniel seemed anxious to the Trooper. Reasonably suspecting some criminal activity, the Trooper waited about fifteen minutes on the other officers to bring Dux. The officers were diligent; the stop's length didn't violate the Constitution. *United States v. Bloomfield*, 40 F.3d 910, 916–17 (8th Cir. 1994) (*en banc*).

Second, Trooper Hill had at least arguable probable cause to search Daniel. After Dux alerted on Daniel's jeep, Officers Boling and Gamber didn't find anything. Daniel was the jeep's last occupant. It was therefore reasonable to conclude that he might possess the contraband. *United States v. Chartier*, 772 F.3d 539, 545–46 (8th Cir. 2014).

Last, Trooper Hill had a reason to arrest Daniel. The Trooper believed Daniel illegally possessed potpourri. ARK. CODE ANN. § 5-64-419; *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1264–65 (8th Cir. 1996). Daniel had admitted his possession during the search. *№ 40 at 17–18*.

The Court, though, cannot conclude as a matter of law that Officer Boling had arguable probable cause to search Daniel's jeep. Dux is a reliable police dog. *№ 36-6*; *Florida v. Harris*, 568 U.S. 237, 243–47

(2013). But Daniel says that Officer Boling created the probable cause by telling Dux to sit and alert. № 36-3 at 5, 7. Officer Boling denies this. He says he can't make Dux alert. № 36-4 at 7. All this testimony creates a genuine dispute of material fact. Because Dux's alert is critically important in the probable cause analysis, a forced alert would undermine the basis for searching this jeep. *See United States v. Donnelly*, 475 F.3d 946, 955 (8th Cir. 2007).

This factual dispute, however, doesn't affect the legal analysis about Officer Gamber or Trooper Hill. Daniel hasn't offered any evidence that they were aware of or involved in the allegedly false alert. *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). Officer Gamber therefore had arguable probable cause for searching the jeep based on Dux's alert; and Trooper Hill likewise had arguable probable cause for searching Daniel.

Trooper Hill didn't violate Daniel's First Amendment rights in retaliation for his words at the scene. A retaliatory-arrest claim requires that the arrest lack probable cause. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1725–26 (2019); *Waters v. Madson*, 921 F.3d 725, 741 (8th Cir. 2019). And a retaliatory-detention claim requires that the detention lack reasonable suspicion. *Waters*, 921 F.3d at 736–38, 741–42. Trooper Hill had probable cause to arrest Daniel for admittedly having potpourri.

Similarly, Trooper Hill had a reasonable suspicion to search Daniel's jeep, even though it would require some delay. The initial stop for no headlights, Cheryl's warrant, and Daniel's nervous behavior created a reason to detain the couple briefly to get a K9 search done. *United States v. Foley*, 206 F.3d 802, 806 (8th Cir. 2000).

**5.** Daniel also argues in passing that the officers deprived him of due process after the arrest. He says he didn't get a timely probable cause hearing, plus the Greene County officers wrongfully set his bond. But he hasn't pointed to any facts showing that these officers participated in scheduling his first appearance. And nothing of record shows that the individual officers controlled Daniel's bond. *Walden v. Carmack*, 156 F.3d 861, 874 (8th Cir. 1998).

\*   \*   \*

Officers Boling and Gamber's motion for summary judgment, № 35, is mostly granted and partly denied. Trooper Hill's motion, № 37, is granted. For every federal claim that is dismissed, the parallel claims under the Arkansas Constitution are also dismissed: they turn on the same facts; and the state law isn't different from federal law. All Cheryl's claims are dismissed with prejudice. We'll have a trial on Daniel's remaining search claims (federal and state) against Officer Boling. First, did he prompt Dux's alert by telling the dog to sit? If not,

Officer Boling had arguable probable cause to search. Second, if Officer Boling told Dux to sit, then he lacked arguable probable cause. And the only remaining question will be Daniel's damages flowing from the search. An Amended Final Scheduling Order will issue.

So Ordered.

*NPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 June 2019